# EXHIBIT A

12/12/2023 10:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82478805
By: Wanda Chambers
Filed: 12/12/2023 10:56 AM

## 2023-85100 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| ARNOLD & IKTIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Arnold & Itkin, LLP respectfully requests that this Court issue a temporary restraining order that temporarily enjoins Defendants Discover Financial Services, d/b/a Discover Bank and Anthony Colon from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error. After granting this temporary restraining order, this Court should promptly set a hearing on Arnold & Itkin, LLP's application for a temporary injunction, which he will subsequently file. *See* Tex. R. Civ. P. 680.

### I.   Background

On or about September 12, 2023, Defendant Colon received an email from Plaintiff regarding settlement proceeds for a lawsuit. Plaintiff had settled the personal-injury lawsuit of a different Anthony Colon prior to that date and sent an

email regarding that lawsuit and the proceeds non-party Anthony Colon was to receive for it. Defendant Colon fraudulently represented himself as the Anthony Colon entitled to the settlement proceeds and provided his own signature and bank account information.

Upon Plaintiff's receipt of the fraudulently signed document, Plaintiff called Defendant Colon to confirm the bank account information to wire the settlement proceeds to. Defendant Colon again fraudulently represented himself to be the Anthony Colon entitled to the lawsuit settlement proceeds. Based on Defendant Colon's fraudulent representations, Plaintiff instructed its bank to wire $447,502.67 in settlement proceeds to Defendant Colon's bank account held by Discover Bank.

Upon realizing that Defendant Colon had fraudulently represented himself to be the beneficiary of the settlement proceeds, Plaintiff called Defendant Colon and requested the funds be returned. Plaintiff also called Defendant Discover Bank alerting them that Defendant Colon was not entitled to the funds and requesting the funds in Defendant Colon's account be frozen and returned to Plaintiff.

Despite several calls and letters, Defendants refused to return the settlement proceeds they knew had been sent in error. Defendants have known since at least October 18, 2023, that the funds were wired to Defendant Colon based on his fraudulent representations as the Anthony Colon entitled to the settlement proceeds but have refused to return the funds to Plaintiff.

## II.   Legal Standards

### A.   Temporary Restraining Order

It is well-established that a trial court has the authority to issue a temporary restraining order, even without notice to the affected party. "[T]he purpose of a temporary restraining order is to preserve the status quo." *In re Nat'l Lloyds Ins. Co.*, No. 13-15-00390-CV, 2015 WL 6759153, at *4 (Tex. App.—Corpus Christi 2015, pet. denied) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). "To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The facts demonstrating the "immediate and irreparable injury, loss, or damage [that] will result to the applicant before notice can be served and a hearing had thereon[,]" as required to obtain a temporary restraining order, may be shown "by affidavit[.]" Tex. R. Civ. P. 680.

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). But "[a]n injunction that fails to strictly comply with the requirements of Rule 683, and other rules of civil procedure, is subject to being declared void." *In re Chaumette*, 456 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). To

that end, the Rules of Civil Procedure require a trial court issuing a temporary restraining order to meet four requirements:

> (1) state why the order was granted without notice if it is granted *ex parte*, Tex. R. Civ. P. 680; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable; *id.*; (3) state the date the order expires and set a hearing on a temporary injunction, *id.*; and (4) set a bond, Tex. R. Civ. P. 684.

*In re Office of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (per curiam) (orig. proceeding).

## B.   Asset-Freezing Injunction

The general rule "prohibit[s] an injunction to secure the legal remedy of damages by freezing a defendant's assets that are completely unrelated to the subject matter of the suit." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "However, this general rule does not preclude relief under circumstances where the very asset at issue in the preliminary injunction are at issue in and may be used to satisfy claims in the parties' dispute." *Id.* at 587. "Texas cases hold that a plaintiff does not have an adequate remedy at law if the defendant faces insolvency or becoming judgment proof before trial." *Id.*

4

### III.   Argument

### A.   Plaintiff is entitled to the temporary relief of an asset-freezing injunction.

To begin, Plaintiff is entitled to the specific temporary relief he seeks: a temporary anti-suit injunction.

### 1.   Plaintiff has a cause of action for fraud against Defendant Colon and a cause of action for negligence against Defendant Discover.

First and foremost, Plaintiff has causes of action against both Defendants. Beginning with Colon, Plaintiff has a fraud cause of action for Defendant Colon's intentional and/or reckless representations that he was the Anthony Colon entitled to the $447,502.67 in settlement proceeds. Defendant Colon represented himself to be the Anthony Colon entitled to the settlement proceeds both in writing and over the phone. The representation in writing came when he signed documents via digital signature explaining the total amount of the settlement, the amount of attorney's fees, the expenses, and the medical expenses being withheld. This information includes medical expenses that Defendant Colon never received and alerted him to the fact that he was not the intended recipient of the email. Instead of either (1) declining to sign the documents, or (2) alerting Plaintiff that he had received the email in error, Defendant Colon signed the documents knowing he was not who he represented himself to be.

Defendant Colon then fraudulently represented himself to be the person

entitled to the settlement proceeds over the phone. Plaintiff called Defendant Colon to verify the bank account information he had provided in the signed documents. Again, Defendant Colon had an opportunity to come clean and knowingly refused to do so. And once Plaintiff realized the funds had been sent in error, Plaintiff even notified Defendant Colon of the mistake and requested the funds be returned. Though Defendant Colon verbally agreed to do so, to date he has refused to return any of the funds he fraudulently obtained.

Plaintiff also has a claim against Defendant Discover Bank for negligence. Discover Bank owed Plaintiff a legal duty to act as a reasonable banking institution and to avoid participating in, or facilitating, fraud. Once Plaintiff realized the funds had been sent in error, Plaintiff alerted Defendant Discover Bank that Defendant Colon had fraudulently obtained the settlement funds. Plaintiff also requested Defendant Discover Bank freeze and return the funds. Despite several calls and letters, Defendant Discover Bank breached their duty to Plaintiff by refusing to freeze the funds in Defendant Colon's account or return the funds. As a result of Defendant Discover Bank's breach of its duty, Plaintiff suffered damages of $447,502.67.

**2.    Plaintiff has a probable right to the damages sought.**

Plaintiff is likely to prevail on its claims against Defendants. Plaintiff can and will show that Defendant Colon knowingly or recklessly represented himself to be

the Anthony Colon entitled to the settlement funds and that Defendant Discover Bank was negligent in failing to participate in or facilitate fraud.

### 3. Plaintiff faces a probable, imminent, and irreparable injury in the interim.

If Plaintiff's application for a temporary restraining order is denied, Plaintiff faces a probable, imminent, and irreparable injury in the interim. "For purposes of determining whether to grant a temporary injunction, an adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "Texas cases hold that a plaintiff does not have an adequate remedy at law if the defendant faces insolvency or becoming judgment proof before trial." *Id.* at 587.

Here, Defendant Colon is an individual with $447,502.67 in his bank account with Defendant Discover Bank that he is not entitled to. There is a dangerous likelihood that Defendant Colon spends all, or at least a substantial portion of the funds Plaintiff is legally entitled to if Plaintiff's application for a temporary restraining order, pending a temporary injunction hearing, is not granted. A temporary restraining order, pending a temporary-injunction hearing, thus is necessary to remedy this irreparable and immediate injury.

## IV.   Conclusion

For these reasons, Plaintiff respectfully requests that this Court grant this

application for a temporary restraining order and temporarily enjoin Defendants Colon and Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

Undersigned counsel will provide notice of this application to Defendants Colon and Discover Bank so that, in the Court's discretion, it need not be issued *ex parte*. *See In re Abbott*, 628 S.W.3d 288, 299 (Tex. 2021) (orig. proceeding) (preferring notice on applications for temporary restraining orders); *see also* Tex. R. Civ. P. 683.

A proposed temporary restraining order, complying with Rules 680 and 684, is attached. *See Office of Att'y Gen.*, 257 S.W.3d at 697. Among other things, that proposed order provides a timeline for Plaintiff applying for a temporary injunction and a hearing date on that injunction and fixes a bond to be paid by Plaintiff. *See* Tex. R. Civ. P. 680, 684.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Jason A. Itkin
SBN: 24032461
jitkin@arnolditkin.com
Roland Christensen

8

SBN: 24101222
rchristensen@arnolditkin.com
Alec J. Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com

***Counsel For Plaintiff***

CAUSE NO. _____

| | | |
|---|---|---|
| ARNOLD & IKTIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## DECLARATION OF ALEC PARADOWSKI

My name is Alec Paradowski. I am over eighteen years of age, am of sound mind, and am capable of making this declaration. I am an attorney at Arnold & Itkin, LLP.

I have read the above Application for Temporary Restraining Order. I verify that the facts stated herein are within my personal knowledge and are true and correct.

Alec Paradowski

Sworn and subscribed before me on December 12, 2023.

Cristal Becerra
My Commission Expires
6/13/2026
Notary ID 125719418

Notary Public, State of Texas

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 12th day of December, 2023, a true and correct copy of the above and foregoing was likewise served by email/certified mail to the following parties:

Anthony Colon
9135 Bryant Ave.
Laurel, Maryland 20723
poppycolonpromotions@gmail.com

Discover Financial Services d/b/a Discover Bank
C/O CT Corporation System
1999 Bryan St., Ste. 900
Dallas, Texas 75201

- and -

Discover Financial Services
ATTN: Legal Subpoena Processing
2500 Lake Cook Road
Riverwoods, Illinois 60015

_/s/ Kurt Arnold_
Kurt Arnold

11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 82478805
Filing Code Description: Petition
Filing Description: Plaintiff's Application for a Temporary Restraining Order
Status as of 12/12/2023 11:37 AM CST

Associated Case Party: Arnold & Itkin, LLP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cristal Becerra | | cbecerra@arnolditkin.com | 12/12/2023 10:56:36 AM | SENT |
| Alec Paradowski | | aparadowski@arnolditkin.com | 12/12/2023 10:56:36 AM | SENT |
| Roland Christensen | | rchristensen@arnolditkin.com | 12/12/2023 10:56:36 AM | SENT |

12/12/2023 10:56:36 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82478805
By: CHAMBERS, WANDA R
Filed: 12/12/2023 10:56:36 AM

2023-85100 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| ARNOLD & IKTIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

This Court, having considered Plaintiff Arnold & Itkin, LLP's Application for a Temporary Restraining Order and all evidence and arguments of counsel with notice to Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank, is of the opinion that immediate and irreparable injury, loss, or damage will result to Arnold & Itkin, LLP unless Defendants Discover Financial Services, d/b/a Discover Bank and Anthony Colon are temporarily restrained in the specifically limited manner as set forth below. The Court therefore **GRANTS** Arnold & Itkin, LLP's Application for a Temporary Restraining Order.

## I.
## Background

This litigation centers around proceeds from a litigation settlement in the amount of $447,502.67 being fraudulently obtained and not returned. On December

1

1, 2023, Arnold & Itkin, LLP filed with this Court an Application for a Temporary Restraining Order pending an application for a temporary injunction on the matter. The Court held a hearing on Plaintiff's Application on _____.

## II.
## Temporary Relief is Necessary to Prevent Immediate and Irreparable Harm

The issuance of a temporary restraining order that temporarily enjoins Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error is appropriate here. Plaintiff has pled and proved (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Immediate and irreparable injury, loss, or damage will result to Plaintiff absent issuance of this temporary restraining order. Defendant Colon would otherwise be permitted to spend the $447,502.67 in his bank account with Defendant Discover Bank at will and become insolvent. *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 587 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

## III.
## Order

Arnold & Itkin, LLP's Application for a Temporary Restraining Order is **GRANTED**. It is thereby **ORDERED** that the Clerk of this Court issue a Temporary Restraining Order, operative until the _____ day of _____, 202_, and pending the hearing ordered below, restraining Defendants Colon and Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

Arnold & Itkin, LLP shall, prior to the issuance of the restraining order, file with the Clerk a bond executed by Plaintiff in the sum of $500.00, payable to Defendants, approved and conditioned as the law requires.

It is further **ORDERED** that Arnold & Itkin's Application for a Temporary Injunction will be heard at the _____ day of _____, 202_, at ___ _____. Seven calendar days before the hearing, Arnold & Itkin, LLP shall file said Application.

This Temporary Restraining Order expires fourteen days after its issuance.

**SIGNED** this ____ day of _____, 202_.

_____
Honorable Presiding Ancillary Judge

3

**FILED**
Marilyn Burgess
District Clerk

DEC 13 2023

Time: _____
Harris County, Texas

By _____
Deputy

2023-85100

CAUSE NUMBER *2023-85100*

Arnold & Itkin, LLP
_____
PETITIONER

§

VS.

Discover Financial Services
_____
RESPONDENT

d/b/a
Discover Bank and Anthony Colon

§

§

§

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS   §

   **THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of _Five Hundred_ Dollars ($ _500.00_ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the _13th_ day of _December_, 20_23_.

   This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant  will abide the decision which may be made in the cause,  and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of  a **TEMPORARY  RESTRAINING  ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

   **WITNESS** my hand and seal of office this _13th_ day of _December_ A.D., 20 _23_.

                              **Marilyn Burgess, District Clerk**
                              **Harris County, Texas**
                              **PO BOX 4651**
                              **Houston, Texas 77210-4651**

                              By: _____
                                        Deputy District Clerk

Principal: _____

Attorney: _Alec Paradowski_
Bar Number: _24124773_

**RECORDER'S MEMORANDUM**
This Instrument is of poor quality
at the time of imaging.

12/13/2023 11:21:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82527952
By: PEREZ, GERARDO
Filed: 12/13/2023 11:21:35 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** 2023-85100          **CURRENT COURT:** 125th District Court

**Name(s) of Documents to be served:** Temporary Restraining Order

**FILE DATE:** 12/12/2023          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Discover Financial Services d/b/a Discover Bank

Address of Service: 1999 Bryan St., Ste. 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☐ Citation | ☐ Citation by Posting | ☐ Citation by Publication |
| ☐ Citation Scire Facias | Newspaper _____ | ☐ Citations Rule 106 Service |
| ☒ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ( $12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ( $12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☒ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe)_____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)***:**
☐ **ATTORNEY PICK-UP (phone)** _____          ☐ **CONSTABLE**
☐ **MAIL to attorney at:** _____

☐ **CERTIFIED MAIL** by District Clerk    ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
                    (Note:) **CAPIAS is not an E-Issuance Option**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kurt Arnold          Bar # or ID 24036150

Mailing Address: 6009 Memorial Drive, Houston, Texas 77007

Phone Number: 713-222-3800

12/13/2023 11:21:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82527952
By: PEREZ, GERARDO
Filed: 12/13/2023 11:21:35 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:**  2023-85100        **CURRENT COURT:**  125th District Court

**Name(s) of Documents to be served:**  Temporary Restraining Order

**FILE DATE:**  12/12/2023    Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Discover Financial Services d/b/a Discover Bank

Address of Service:   1999 Bryan St., Ste. 900

City, State & Zip:  Dallas, Texas 75201

Agent (if applicable)  CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation**    [ ] **Citation by Posting**    [ ] | **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper** _____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | [ ] **Notice** |
| [ ] **Protective Order** | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias** (not an E-Issuance) | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [X] **Injunction** | [ ] **Sequestration** |
| [ ] **Subpoena** | | |
| [ ] **Other (Please Describe)** _____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____ [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL** by District Clerk    [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Kurt Arnold    Bar # or ID   24036150

Mailing Address:  6009 Memorial Drive, Houston, Texas 77007

Phone Number:  713-222-3800

12/13/2023 11:21:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82527952
By: PEREZ, GERARDO
Filed: 12/13/2023 11:21:35 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:**  2023-85100                **CURRENT COURT:**  125th District Court

**Name(s) of Documents to be served:**  Temporary Restraining Order

**FILE DATE:**  12/12/2023          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Discover Financial Services

Address of Service:  2500 Lake Cook Road

City, State & Zip:  Riverwoods, Illinois 60015

Agent (if applicable)  Legal Subpoena Processing

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☐ **Citation**      ☐ **Citation by Posting**      ☐ **Citation by Publication** | | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | Newspaper_____ | |
| ☒ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias** (not an E-Issuance) | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)**_____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____      ☐ **CONSTABLE**
☐ **MAIL to attorney    at:** _____

☐ **CERTIFIED MAIL by District Clerk**    ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Kurt Arnold          Bar # or ID   24036150

Mailing Address:  6009 Memorial Drive, Houston, Texas 77007

Phone Number:  713-222-3800

Unofficial copy Office of Marilyn Burgess District Clerk

12/13/2023 11:21:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82527952
By: PEREZ, GERARDO
Filed: 12/13/2023 11:21:35 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** __2023-85100__   **CURRENT COURT:** __125th District Court__

**Name(s) of Documents to be served:** __Temporary Restraining Order__

**FILE DATE:** __12/12/2023__   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** __Discover Financial Services__

Address of Service: __2500 Lake Cook Road__

City, State & Zip: __Riverwoods, Illinois 60015__

Agent (if applicable) __Legal Subpoena Processing__

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper** _____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | [ ] **Notice** |
| [ ] **Protective Order** | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [ ] **Injunction** | [ ] **Sequestration** |
| [ ] **Subpoena** | | |
| [ ] **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL by District Clerk**   [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Kurt Arnold__   Bar # or ID __24036150__

Mailing Address: __6009 Memorial Drive, Houston, Texas 77007__

Phone Number: __713-222-3800__

12/13/2023 11:21:35 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82527952
By: PEREZ, GERARDO
Filed: 12/13/2023 11:21:35 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** __2023-85100__     **CURRENT COURT:** __125th District Court__

**Name(s) of Documents to be served:** __Temporary Restraining Order__

**FILE DATE:** __12/12/2023__     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** __Anthony Colon__

Address of Service: __9135 Bryant Ave.__

City, State & Zip: __Laurel, Maryland 20723__

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☐ Citation | ☐ Citation by Posting   ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper _____ | |
| ☒ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ( $12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ( $12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☒ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe)_____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☐ **CONSTABLE**
☐ **MAIL to attorney   at:** _____

☐ **CERTIFIED MAIL** by District Clerk   ☒ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Kurt Arnold__     Bar # or ID __24036150__

Mailing Address: __6009 Memorial Drive, Houston, Texas 77007__

Phone Number: __713-222-3800__

12/13/2023 11:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82527952
By: Gerardo Perez
Filed: 12/13/2023 11:21 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** __2023-85100__     **CURRENT COURT:** __125th District Court__

**Name(s) of Documents to be served:** __Temporary Restraining Order__

**FILE DATE:** __12/12/2023__     Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** __Anthony Colon__

Address of Service: __9135 Bryant Ave.__

City, State & Zip: __Laurel, Maryland 20723__

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | | **Newspaper**_____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [X] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)**_____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL** by District Clerk   [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Kurt Arnold__     Bar # or ID __24036150__

Mailing Address: __6009 Memorial Drive, Houston, Texas 77007__

Phone Number: __713-222-3800__

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 82527952
Filing Code Description: Request
Filing Description: Request for Issuance of Service
Status as of 12/13/2023 12:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roland Christensen | | rchristensen@arnolditkin.com | 12/13/2023 11:21:35 AM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 12/13/2023 11:21:35 AM | SENT |
| Alec Paradowski | | aparadowski@arnolditkin.com | 12/13/2023 11:21:35 AM | SENT |

12/12/2023 10:56:36 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82478805
By: CHAMBERS, WANDA R
Filed: 12/12/2023 10:56:36 AM

2023-85100 / Court: 125

Pgs-3

TRORX
STBNX
CASO

CAUSE NO. _____

| | | |
|---|---|---|
| ARNOLD & IKTIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## **TEMPORARY RESTRAINING ORDER**

This Court, having considered Plaintiff Arnold & Itkin, LLP's Application for a Temporary Restraining Order and all evidence and arguments of counsel with notice to Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank, is of the opinion that immediate and irreparable injury, loss, or damage will result to Arnold & Itkin, LLP unless Defendants Discover Financial Services, d/b/a Discover Bank and Anthony Colon are temporarily restrained in the specifically limited manner as set forth below. The Court therefore **GRANTS** Arnold & Itkin, LLP's Application for a Temporary Restraining Order.

## I.
## Background

This litigation centers around proceeds from a litigation settlement in the amount of $447,502.67 being fraudulently obtained and not returned. On December

1

1, 2023, Arnold & Itkin, LLP filed with this Court an Application for a Temporary

Restraining Order pending an application for a temporary injunction on the matter.

The Court held a hearing on Plaintiff's Application on __December 13, 2023__.

## II.

## Temporary Relief is Necessary to Prevent Immediate and Irreparable Harm

The issuance of a temporary restraining order that temporarily enjoins

Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank

from transferring, spending, withdrawing, or otherwise moving or utilizing

$447,502.67 that was wired to Defendant Colon's Discover Bank account in error is

appropriate here. Plaintiff has pled and proved (1) a cause of action against the

defendant; (2) a probable right to the relief sought; and (3) a probable, imminent,

and irreparable injury in the interim. *See Tex. Black Iron, Inc. v. Arawak Energy Int'l

Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Immediate and irreparable injury, loss, or damage will result to Plaintiff

absent issuance of this temporary restraining order. Defendant Colon would

otherwise be permitted to spend the $447,502.67 in his bank account with Defendant

Discover Bank at will and become insolvent. *Tex. Black Iron, Inc. v. Arawak Energy

Int'l Ltd.*, 527 S.W.3d 579, 587 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

### III.
### Order

Arnold & Itkin, LLP's Application for a Temporary Restraining Order is

**GRANTED**. It is thereby **ORDERED** that the Clerk of this Court issue a Temporary

Restraining Order, operative until the ___22___ day of ___December___, 202_3_, and

pending the hearing ordered below, restraining Defendants Colon and Discover

Bank from transferring, spending, withdrawing, or otherwise moving or utilizing

$447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

Arnold & Itkin, LLP shall, prior to the issuance of the restraining order, file

with the Clerk a bond executed by Plaintiff in the sum of $500.00, payable to

Defendants, approved and conditioned as the law requires.

It is further **ORDERED** that Arnold & Itkin's Application for a Temporary

Injunction will be heard at the ___22nd___ day of ___December___, 202_3_, at ___11:00am___

_____. Seven calendar days before the hearing, Arnold & Itkin, LLP shall file said

Application.

This Temporary Restraining Order expires fourteen days after its issuance.

**SIGNED** this ____ day of _____, 202_.

Signed:
12/13/2023                            9:58 am
_____

Honorable Presiding Ancillary Judge

3

12/20/2023 1:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82760980
By: Gerardo Perez
Filed: 12/20/2023 1:14 PM

CAUSE NO. 2023-85100

| | | |
|---|---|---|
| ARNOLD & ITKIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

## PLAINTIFF'S APPLICATION FOR A TEMPORARY INJUNCTION

Plaintiff Arnold & Itkin, LLP respectfully requests that this Court issue a temporary injunction that temporarily enjoins Defendants Discover Financial Services, d/b/a Discover Bank and Anthony Colon from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

## I.   Background

On or about September 12, 2023, Defendant Colon received an email from Plaintiff regarding settlement proceeds for a lawsuit. Plaintiff had settled the personal-injury lawsuit of a different Anthony Colon prior to that date and sent an email regarding that lawsuit and the proceeds non-party Anthony Colon was to receive for it. Defendant Colon fraudulently represented himself as the Anthony Colon entitled to the settlement proceeds and provided his own signature and bank

1

account information.

Upon Plaintiff's receipt of the fraudulently signed document, Plaintiff called Defendant Colon to confirm the bank account information to wire the settlement proceeds to. Defendant Colon again fraudulently represented himself to be the Anthony Colon entitled to the lawsuit settlement proceeds. Based on Defendant Colon's fraudulent representations, Plaintiff instructed its bank to wire $447,502.67 in settlement proceeds to Defendant Colon's bank account held by Discover Bank.

Upon realizing that Defendant Colon had fraudulently represented himself to be the beneficiary of the settlement proceeds, Plaintiff called Defendant Colon and requested the funds be returned. Plaintiff also called Defendant Discover Bank alerting them that Defendant Colon was not entitled to the funds and requesting the funds in Defendant Colon's account be frozen and returned to Plaintiff.

Despite several calls and letters, Defendants refused to return the settlement proceeds they knew had been sent in error. Defendants have known since at least October 18, 2023, that the funds were wired to Defendant Colon based on his fraudulent representations as the Anthony Colon entitled to the settlement proceeds but have refused to return the funds to Plaintiff.

## II.    Legal Standards

### A.    Temporary Injunction

"[T]he purpose of a temporary injunction is to preserve the status quo."

*LasikPlus of Tex., P.C. v. Mattioli*, 418 S.W.3d 210, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "At a temporary injunction hearing, the trial court consideres whether the applicant has shown a probability of success and irreparable injury; the parties do not present the underlying merits of the controversy." *Mattioli*, 418 S.W.3d at 216.

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). But "[a]n injunction that fails to strictly comply with the requirements of Rule 683, and other rules of civil procedure, is subject to being declared void." *In re Chaumette*, 456 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

### B.   Asset-Freezing Injunction

The general rule "prohibit[s] an injunction to secure the legal remedy of damages by freezing a defendant's assets that are completely unrelated to the subject matter of the suit." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "However, this general rule does not preclude relief under circumstances where the very assets at issue in

the preliminary injunction are at issue in and may be used to satisfy claims in the parties' dispute." *Id.* at 587. "Texas cases hold that a plaintiff does not have an adequate remedy at law if the defendant faces insolvency or becoming judgment proof before trial." *Id.*

## III.   Argument

### A.   Plaintiff is entitled to the temporary relief of an asset-freezing injunction.

To begin, Plaintiff is entitled to the specific temporary relief he seeks: a temporary anti-suit injunction.

#### 1.   Plaintiff has a cause of action for fraud against Defendant Colon and a cause of action for negligence against Defendant Discover.

First and foremost, Plaintiff has causes of action against both Defendants. Beginning with Colon, Plaintiff has a fraud cause of action for Defendant Colon's intentional and/or reckless representations that he was the Anthony Colon entitled to the $447,502.67 in settlement proceeds. Defendant Colon represented himself to be the Anthony Colon entitled to the settlement proceeds both in writing and over the phone. The representation in writing came when he signed documents via digital signature explaining the total amount of the settlement, the amount of attorney's fees, the expenses, and the medical expenses being withheld. This information includes medical expenses that Defendant Colon never received and alerted him to

4

the fact that he was not the intended recipient of the email. Instead of either (1) declining to sign the documents, or (2) alerting Plaintiff that he had received the email in error, Defendant Colon signed the documents knowing he was not who he represented himself to be.

Defendant Colon then fraudulently represented himself to be the person entitled to the settlement proceeds over the phone. Plaintiff called Defendant Colon to verify the bank account information he had provided in the signed documents. Again, Defendant Colon had an opportunity to come clean and knowingly refused to do so. And once Plaintiff realized the funds had been sent in error, Plaintiff even notified Defendant Colon of the mistake and requested the funds be returned. Though Defendant Colon verbally agreed to do so, to date he has refused to return any of the funds he fraudulently obtained.

Plaintiff also has a claim against Defendant Discover Bank for negligence. Discover Bank owed Plaintiff a legal duty to act as a reasonable banking institution and to avoid participating in, or facilitating, fraud. Once Plaintiff realized the funds had been sent in error, Plaintiff alerted Defendant Discover Bank that Defendant Colon had fraudulently obtained the settlement funds. Plaintiff also requested Defendant Discover Bank freeze and return the funds. Despite several calls and letters, Defendant Discover Bank breached their duty to Plaintiff by refusing to freeze the funds in Defendant Colon's account or return the funds. As a result of

Defendant Discover Bank's breach of its duty, Plaintiff suffered damages of
$447,502.67.

### 2. Plaintiff has a probable right to the damages sought.

Plaintiff is likely to prevail on its claims against Defendants. Plaintiff can and
will show that Defendant Colon knowingly or recklessly represented himself to be
the Anthony Colon entitled to the settlement funds and that Defendant Discover
Bank was negligent in failing to participate in or facilitate fraud.

### 3. Plaintiff faces a probable, imminent, and irreparable injury in the interim.

If Plaintiff's application for a temporary injunction is denied, Plaintiff faces a
probable, imminent, and irreparable injury in the interim. "For purposes of
determining whether to grant a temporary injunction, an adequate remedy at law is
one that is as complete, practical, and efficient to the prompt administration of justice
as is equitable relief." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d
579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "Texas cases hold that a
plaintiff does not have an adequate remedy at law if the defendant faces insolvency
or becoming judgment proof before trial." *Id.* at 587.

Here, Defendant Colon is an individual who received $447,502.67 in his bank
account with Defendant Discover Bank that he is not entitled to. There is a dangerous
likelihood that Defendant Colon spends all, or at least a substantial portion of the
funds Plaintiff is legally entitled to if Plaintiff's application for a temporary

injunction is not granted. A temporary injunction, thus is necessary to remedy this irreparable and immediate injury.

## IV. Conclusion

For these reasons, Plaintiff respectfully requests that this Court grant this application for a temporary injunction and temporarily enjoin Defendants Colon and Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

A proposed temporary injunction, complying with Rules 683 and 684, is attached. *See Office of Att'y Gen.*, 257 S.W.3d at 697. Among other things, that proposed order includes a proposed date for a trial on the merits with respect to the ultimate relief sought. *See* Tex. R. Civ. P. 683.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Jason A. Itkin
SBN: 24032461
jitkin@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alec J. Paradowski

SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com

***Counsel For Plaintiff***

8

CAUSE NO. 2023-85100

| | | |
|---|---|---|
| ARNOLD & ITKIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

## DECLARATION OF ALEC PARADOWSKI

My name is Alec Paradowski. I am over eighteen years of age, am of sound mind, and am capable of making this declaration. I am an attorney at Arnold & Itkin, LLP.

I have read the above Application for Temporary Injunction. I verify that the facts stated herein are within my personal knowledge and are true and correct.



Alec Paradowski

Sworn and subscribed before me on December 20, 2023.

Cristal Becerra
My Commission Expires
6/13/2026
Notary ID 125719418

Notary Public, State of Texas

9

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of December, 2023, a true and correct copy of the above and foregoing was likewise served by email/certified mail to the following parties:

Anthony Colon - poppycolonpromotions@gmail.com
1316 Greenridge Ave.
Lithonia, GA 30058

6244 Redan Overlook
Lithonia, GA 30058

2216 Medlock Ln.
McDonough, GA 30253

219 Maple St. NW
Atlanta, GA 30314

Discover Financial Services d/b/a Discover Bank
C/O Richard Keller - rkeller@burr.com
BURR FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

_/s/ Kurt Arnold_
Kurt Arnold

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 82760980
Filing Code Description: No Fee Documents
Filing Description: Plaintiff's Application for a Temporary Injunction
Status as of 12/20/2023 2:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roland Christensen | | rchristensen@arnolditkin.com | 12/20/2023 1:14:48 PM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 12/20/2023 1:14:48 PM | SENT |
| Alec Paradowski | | aparadowski@arnolditkin.com | 12/20/2023 1:14:48 PM | SENT |

12/20/2023 1:14:48 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 82760980
By: PEREZ, GERARDO
Filed: 12/20/2023 1:14:48 PM

CAUSE NO. 2023-85100

| | | |
|---|---|---|
| ARNOLD & ITKIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

## Temporary Injunction

This Court, having considered Plaintiff Arnold & Itkin, LLP's Application for a Temporary Injunction and all evidence and arguments of counsel with notice to Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank, is of the opinion that immediate and irreparable injury, loss, or damage will result to Arnold & Itkin, LLP unless Defendants Discover Financial Services, d/b/a Discover Bank and Anthony Colon are temporarily restrained in the specifically limited manner as set forth below. The Court therefore **GRANTS** Arnold & Itkin, LLP's Application for a Temporary Injunction.

## I.

## Background

This litigation centers around proceeds from a litigation settlement in the amount of $447,502.67 being fraudulently obtained and not returned. On December

20, 2023, Arnold & Itkin, LLP filed with this Court an Application for a Temporary Injunction. The Court held a hearing on Plaintiff's Application for Temporary Injunction on _____.

## II.

## Temporary Relief is Necessary to Prevent Immediate and Irreparable Harm

The issuance of a temporary injunction that temporarily enjoins Defendants Anthony Colon and Discover Financial Services d/b/a Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error is appropriate here. Plaintiff has pled and proved (1) a cause of action against the defendants; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Immediate and irreparable injury, loss, or damage will result to Plaintiff absent issuance of this temporary injunction. Defendant Colon would otherwise be permitted to spend the $447,502.67 in his bank account with Defendant Discover Bank at will and become insolvent. *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 587 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

## III.

## Order

Arnold & Itkin, LLP's Application for a Temporary Injunction is **GRANTED**. It is thereby **ORDERED** that the Clerk of this Court issue a Temporary Injunction, operative until a final order is entered on this case, and pending the trial on the merits ordered below, restraining Defendants Colon and Discover Bank from transferring, spending, withdrawing, or otherwise moving or utilizing $447,502.67 that was wired to Defendant Colon's Discover Bank account in error.

Arnold & Itkin, LLP shall, prior to the issuance of the injunction, file with the Clerk a bond executed by Plaintiff in the sum of $500.00, payable to Defendants, approved and conditioned as the law requires.

It is further **ORDERED** that a trial on the merits will be held on the __ day of _____, 2024, at _____.

**SIGNED** this ____ day of _____, 202_.

_____
Honorable Presiding Ancillary Judge

2/13/2024 5:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84477847
By: JIMMY RODRIGUEZ
Filed: 2/13/2024 5:35 PM

CAUSE NO. 2023-85100

| | | |
|---|---|---|
| ARNOLD & ITKIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that Plaintiff's Application for a Temporary Injunction (Filed

12/20/2023) will be heard by oral hearing on **Friday, March 8, 2024 at 11:00 a.m.** before the

125th Judicial District Court of Harris County, Texas.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Jason A. Itkin
SBN: 24032461
jitkin@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alec J. Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com

***Counsel For Plaintiff***

1

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of February, 2024, a true and correct copy of the above and foregoing was likewise served by email/certified mail to the following parties:

Anthony Colon - poppycolonpromotions@gmail.com
1316 Greenridge Ave.
Lithonia, GA 30058

6244 Redan Overlook
Lithonia, GA 30058

2216 Medlock Ln.
McDonough, GA 30253

219 Maple St. NW
Atlanta, GA 30314

Discover Financial Services d/b/a Discover Bank
C/O Richard Keller - rkeller@burr.com
BURR FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

                                        */s/ Kurt Arnold*
                                        Kurt Arnold

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 84477847
Filing Code Description: Notice
Filing Description: Notice of Hearing
Status as of 2/14/2024 7:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roland Christensen | | rchristensen@arnolditkin.com | 2/13/2024 5:35:48 PM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 2/13/2024 5:35:48 PM | SENT |
| Alec Paradowski | | aparadowski@arnolditkin.com | 2/13/2024 5:35:48 PM | SENT |
| Macarena Palma | | mpalma@arnolditkin.com | 2/13/2024 5:35:48 PM | SENT |

2/14/2024 11:05:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 84496178
By: PEREZ, GERARDO
Filed: 2/14/2024 11:05:09 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** 2023-85100          **CURRENT COURT:** 125th District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 02/14/2024          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Anthony Colon

Address of Service: 1316 Greenridge Ave.

City, State & Zip: Lithonia, GA 30058

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | | Newspaper _____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [X] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)**_____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____          [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL by District Clerk**   [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
          (Note:) **CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Kurt Arnold          Bar # or ID  24036150

Mailing Address: 6009 Memorial Drive, Houston, Texas 77007

Phone Number: 713.222.3800

2/14/2024 11:05:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 84496178
By: PEREZ, GERARDO
Filed: 2/14/2024 11:05:09 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:**  2023-85100                           **CURRENT COURT:**   125th District Court

**Name(s) of Documents to be served:**   Plaintiff's Original Petition

**FILE DATE:**  02/14/2024          Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**    Discover Financial Services d/b/a Discover Bank

Address of Service:   1999 Bryan St., Ste. 900

City, State & Zip:  Dallas, Texas 75201

Agent (if applicable)   CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation**   [ ] **Citation by Posting**   [ ] | **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper** | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | [ ] **Notice** |
| [ ] **Protective Order** | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [ ] **Injunction** | [ ] **Sequestration** |
| [ ] **Subpoena** | | |
| [ ] **Other (Please Describe)**_____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL** by District Clerk   [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Kurt Arnold          Bar # or ID   24036150

Mailing Address:  6009 Memorial Drive, Houston, Texas 77007

Phone Number:  713.222.3800

2/14/2024 11:05:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 84496178
By: PEREZ, GERARDO
Filed: 2/14/2024 11:05:09 AM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** __2023-85100__   **CURRENT COURT:** __125th District Court__

**Name(s) of Documents to be served:** __Plaintiff's Original Petition__

**FILE DATE:** __02/14/2024__   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** __Discover Financial Services d/b/a Discover Bank__

Address of Service: __208 South LaSalle St., Suite 814__

City, State & Zip: __Chicago, IL 60604__

Agent (if applicable) __CT Corporation System__

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | | Newspaper_____ | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ( $12.00)** | [ ] **Capias (not an E-Issuance)** | | [ ] **Attachment** |
| [ ] **Certiorari** | [ ] **Highway Commission ( $12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)**_____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
[ ] **MAIL to attorney   at:** _____

[ ] **CERTIFIED MAIL by District Clerk**   [X] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER** , *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Kurt Arnold__   Bar # or ID __24036150__

Mailing Address: __6009 Memorial Drive, Houston, Texas 77007__

Phone Number: __713.222.3800__

2/14/2024 11:05 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84496178
By: Gerardo Perez
Filed: 2/14/2024 11:05 AM

CAUSE NO. 2023-85100

| | | |
|---|---|---|
| ARNOLD & IKTIN, LLP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DISCOVER FINANCIAL SERVICES | § | |
| D/B/A DISCOVER BANK and | § | |
| ANTHONY COLON, | § | |
| | § | |
| *Defendants.* | § | 125TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Arnold & Itkin, LLP ("Plaintiff") complaining of Discover Financial

Services d/b/a Discover Bank and Anthony Colon ("Defendant") and will respectfully show

the Court the following:

### I.

### NATURE OF ACTION

1.     This is an action to recover damages Plaintiff lost because of Defendants' fraud

and negligence related to a bank wire transaction.

### II.

### DISCOVERY

2.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of

Civil Procedure.

### III.

### JURISDICTION AND VENUE

3.     Plaintiff's claims arise under the laws of Texas.

4.     The Court has jurisdiction over this case because Plaintiff seeks damages within the jurisdictional limits of this Court and Plaintiffs were fraudulently induced to wire the money from its bank in Texas. Defendant Colon, by attempting to hire a Harris County, Texas law firm and receiving money from a Texas-based law firm and its Texas bank branch, purposefully availed himself of the privilege of conducting activities within Texas. Further, Defendant Discover Financial Services d/b/a Discover Bank maintains continuous and systematic contacts within Texas including maintaining branches and ATMs in Texas and sending and receiving wire transfers and other transactions to and from Texas. Discover Bank also advertises and solicits business directly to consumers in Texas.

5.     Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Sections 15.002(a)(3) because a substantial portion of the events giving rise to this lawsuit occurred in Harris County, Texas.

**IV.**

**PARTIES**

6.     Plaintiff is a limited partnership in Houston, Texas.

7.     Defendant Anthony Colon is a natural person and resident of Lithonia, GA. Defendant Colon may be served with process at 1316 Greenridge Ave., Lithonia, GA 30058 or wherever he may be found.

8.     Defendant Discover Financial Services d/b/a Discover Bank ("Discover Bank") is a foreign corporation that maintains continuous and systematic contacts with Texas. Defendant Discover Financial Services d/b/a Discover Bank may be served with process

2

through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201 or CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604.[1]

## V.

### FACTS

9.    On or about September 12, 2023, Defendant Colon received an email from Plaintiff regarding settlement proceeds for a lawsuit. Plaintiff had settled the personal-injury lawsuit of a different Anthony Colon prior to that date and sent an email regarding this lawsuit and the proceeds non-party Anthony Colon was to receive for that lawsuit. Defendant Colon fraudulently represented himself as the Anthony Colon entitled to the settlement proceeds and provided his own signature and bank account information.

10.    Upon Plaintiff's receipt of the fraudulently signed document, Plaintiff called Defendant Colon to confirm the bank account information to wire the settlement proceeds to. Defendant Colon again fraudulently represented himself to be the Anthony Colon entitled to the lawsuit settlement proceeds. Based on Defendant Colon's fraudulent representations, Plaintiff instructed its bank to wire $447,502.67 in settlement proceeds to Defendant Colon's bank account held by Discover Bank.

11.    Upon realizing that Defendant Colon had fraudulently represented himself to be the beneficiary of the settlement proceeds, Plaintiff called Defendant Colon and requested the funds be returned. Plaintiff also called Defendant Discover Bank alerting them that Defendant

---

[1] Discover Bank's website provides the mailing address for service of civil subpoenas: https://www.discover.com/company/our-company/assets/registered-agents.html#:~:text=Discover%20Financial%20Services%2C%20Inc.

Colon was not entitled to the funds and requesting the funds in Defendant Colon's account be frozen and returned to Plaintiff.

12.     Despite several calls and letters, Defendants refused to return the settlement proceeds they knew had been sent in error.  Defendants have known since at least October 18, 2023, that the funds were wired to Defendant Colon based on his fraudulent representations as the Anthony Colon entitled to the settlement proceeds but have refused to return the funds to Plaintiff.

## VI.

### CAUSES OF ACTION

#### A. *Negligence against Discover Bank.*

13.     Plaintiff repeats and re-alleges each allegation contained above.

14.     Defendant is negligent and grossly negligent for the following reasons:

    a.     Failure to freeze the funds in Defendant Colon's bank account, even after they were put on notice of Defendant Colon's fraudulent activity;

    b.     Failure to investigate whether Defendant Colon fraudulently represented himself to be entitled to the settlement proceeds;

    c.     Failure to return the fraudulently obtained funds from Defendant Colon's bank account; and

    d.     Other acts deemed negligent.

15.     Defendant owed Plaintiff a legal duty of the foregoing.

16.     Defendant breached these duties, and as a direct and proximate result of Defendant's breaches of duty caused Plaintiff to lose $447,502.67. Defendant has been on

4

notice of Defendant Colon's fraudulent activity since at least October 18, 2023, but has refused to return the funds.

### B. *Fraud against Defendant Colon*

17.     Plaintiff repeats and re-alleges each allegation contained above.

18.     Defendant Colon is liable to Plaintiff for fraud for the following reasons. Defendant Colon represented himself to Plaintiff as the Anthony Colon entitled to the settlement proceeds Plaintiff secured on behalf of non-party Anthony Colon. This representation was material because Plaintiff would not have wired the money to Defendant Colon had they known Defendant Colon was not entitled to the settlement proceeds. Defendant Colon's representation was false, and he either knew the representation was false or made the representation recklessly without knowledge of its truth. Defendant Colon made the representation intending for Plaintiff to act on the representation and wire him the settlement proceeds he was not entitled to, and Plaintiff relied on the representation and wired the settlement proceeds to Defendant Colon.

19.     Defendant Colon's fraud caused Plaintiff to lose $447,502.67. Absent Defendant Colon's fraud, Plaintiff would not have wired the money to him.

20.     Plaintiff is also entitled to exemplary damages for Defendant Colon's fraud.

### VII.

### DAMAGES

21.     As a result of said occurrences, Plaintiff sustained economic losses of $447,502.67. Plaintiff is also entitled to exemplary damages for Defendant Colon's fraud.

5

## VIII.

### JURY TRIAL

22.      Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## IX.

### PRAYER

23.      Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

    a.      Compensatory damages against Defendants;

    b.      Actual damages;

    c.      Consequential damages;

    d.      Exemplary damages;

    e.      Loss of wages past and future;

    f.      Interest on damages (pre- and post-judgment) in accordance with law;

    g.      Plaintiffs' reasonable attorneys' fees;

    h.      Costs of court;

    i.      Expert witness fees;

    j.      Costs of copies of depositions; and

6

k.    Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

_____

Kurt Arnold
SBN:  24036150
karnold@arnolditkin.com
Alec J. Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 84496178
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Original Petition
Status as of 2/14/2024 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Roland Christensen | | rchristensen@arnolditkin.com | 2/14/2024 11:05:09 AM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 2/14/2024 11:05:09 AM | SENT |
| Alec Paradowski | | aparadowski@arnolditkin.com | 2/14/2024 11:05:09 AM | SENT |
| Macarena Palma | | mpalma@arnolditkin.com | 2/14/2024 11:05:09 AM | SENT |

CAUSE NO. 202385100

COPY OF PLEADING PROVIDED BY PIT

RECEIPT No. 989084   TR# 74289098

| | |
|---|---|
| Plaintiff: | In The 125th |
| ARNOLD & ITKIN LLP | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| DISCOVER FINANCIAL SERVICES (D/B/A DISCOVER BANK) | Houston, Texas |

*LLC*

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   DISCOVER FINANCIAL SERVICES (D/B/A DISCOVER BANK) C/O CT CORPORATION SYSTEM
208 SOUTH LASALLE ST SUITE 814, CHICAGO IL 60604

    Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 14, 2024 in the above cited cause number and court.
The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on February 14, 2024, under my hand and seal of said court.

Issued at the request of:

ARNOLD, KURT BRYNILDE
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800
Bar Number: 24036150

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO Box 4651, Houston, TX
77210)

Generated By: GERARDO PEREZ

Tracking Number: 74289098

CAUSE NUMBER: 202385100

| | |
|---|---|
| PLAINTIFF: ARNOLD & ITKIN LLP | In the 125th |
| vs. | Judicial District Court of |
| DEFENDANT: DISCOVER FINANCIAL SERVICES (D/B/A DISCOVER BANK) | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____

_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____

By_____

Affiant                                                        Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__

_____

Notary Public