IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLD & ITKIN, LLP, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § § | Civil Action No. 4:24-cv-00789 |
| DISCOVER BANK and ANTHONY COLON, | | |
| *Defendants*. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT DISCOVER BANK'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

For the reasons set forth below, the Court should deny Discover Bank's motion to dismiss.

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff is a law firm in Houston, Texas, who settled the case of an Anthony Colon in the summer of 2023. At the same time, a separate Anthony Colon, who is a defendant in this case, was also a client of Plaintiff. Once non-party Colon's settlement was funded, Plaintiff inadvertently wired non-party Colon's settlement proceeds to Defendant Colon's Discover Bank account, in the amount of $447,502.67.

Later, Plaintiff learned that the error was caused by Defendant Colon's fraudulent representations to Plaintiff that he was the intended beneficiary of the settlement proceeds. Plaintiff immediately notified Discover Bank that their customer, Defendant Colon, had

engaged in fraudulent activity, and requested both Defendant Colon and Discover Bank to return the fraudulently-obtained funds. Neither Defendant returned any portion of the funds.

Despite being on notice of their customer's fraudulent activity, Discover Bank took no action to prevent Defendant Colon from further fraudulent activity. Discover Bank failed to monitor Defendant Colon's account for fraudulent or suspicious activity, failed to investigate whether the funds were fraudulently obtained, and failed to return any of the funds to Plaintiff, among other negligent activities.

Plaintiff sued Defendant Colon and Discover Bank in Harris County, Texas before Discover Bank removed the case to this Court and filed a Motion to Dismiss, pursuant to F.R.C.P. 12(b)(6). For the reasons below, the Court should deny Discover Bank's Motion and allow this case to proceed. Alternatively, should the Court be inclined to grant Discover Bank's Motion, Plaintiff requests the opportunity to amend their complaint.

## II.

### LEGAL STANDARD

"A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted." *Lahman v. Cape Fox Corp.*, 4:17-CV-00305, 2018 WL 4205424, at *1 (E.D. Tex. Sept. 4, 2018) (citing FED. R. CIV. P. 12(b)(6)). But Rule 12(b)(6) motions are generally "'viewed with disfavor'" and are "'rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must 'nudge[ ] their claim across the line from conceivable to plausible' by pleading 'enough facts to state a claim to relief that is plausible on its face.'" *Webb v. Livingston*, 6:13CV711, 2014 WL 11860703, at *1 (E.D. Tex. May 5, 2014) (annotations as in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lahman*, 2018 WL 4205424, at *1 (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotations omitted)). This means that the plaintiff's complaint "need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Harris v. Coastal Offshore, Inc.*, CIV. A. C-11-58, 2011 WL 2457922, at *2 (S.D. Tex. June 16, 2011) (quoting FED. R. CIV. P. 8(a)(2)). The plaintiff's statement of a claim "must simply give [the] defendant fair notice of what [the] plaintiff's claim is and grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002). This is a "liberal and simplified 'notice of pleading' standard." *Id.*

When deciding a Rule 12(b)(6) motion to dismiss, the court "'must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.'" *Morris v. Conn Credit Co.*, CV H-13-195, 2013 WL 12157173, at *1 (S.D. Tex. July 25, 2013) (quoting *Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996)). In other words, "[t]he court is required to construe the complaint liberally in favor of the plaintiff, and take all facts pleaded in the complaint as true." *Webb*, 2014 WL 11860703, at *1 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). Plaintiff need only establish "more

3

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And "[a]bsent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying [the] [p]laintiff an opportunity to develop facts to support his complaint." *Hoppenstein v. Ruckel*, 4:14-CV-467, 2015 WL 294295, at *3 (E.D. Tex. Jan. 22, 2015).

## IV.

### ARGUMENT

**1. Plaintiff's complaint is replete with facts that establish viable causes of action against Discover Bank.**

Plaintiff has brought viable claims against Discover Bank. Dismissal is inappropriate where, like here, Plaintiff has plead enough facts to state claims for relief that are plausible on their face. *Twombly*, 550 U.S. at 570. In short, to survive Discover Bank's motion, Plaintiff need only include a short, plain statement of their claims showing that they are entitled to relief. FED. R. CIV. P. 8(a)(2). Taking the facts alleged in Plaintiff's complaint as true, and resolving all reasonable inferences in Plaintiff's favor, Plaintiff has provided more than enough in their complaint to avoid dismissal. In short, the Court should deny Discover Bank's motion and Plaintiff should be given the opportunity to move forward with discovery to develop additional facts to support their claims. *Hoppenstein*, 2015 WL 294295, at *3.

### A. Plaintiff's negligence claims are not preempted by the Texas UCC.

"Article 4A controls how electronic funds transfers are conducted and specifies certain rights and duties related to the execution of such transactions." *Ma v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 89 (2d Cir. 2010). "However, Article 4A is not the 'exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer." *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274-75 (11th Cir. 2003). "The Article itself is replete with references to common law remedied." *Id.* "Therefore, the only restraint on a plaintiff is that resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article." *Id.*

Here, Plaintiff's complaint against Discover Bank is not based on the mistake of Discover Bank when the wire transfer was initiated, or even completed. Plaintiff's complaint is that once Discover Bank was put on notice that its customer was engaging in fraudulent activity, Discover Bank negligently permitted the fraud by failing to investigate the complaint made by Plaintiff. The U.C.C. permits claims against a wire-transfer beneficiary's bank, when the bank is alleged to have actual knowledge of a discrepancy between the intended beneficiary and the actual beneficiary of the wire. *See* Tex. Bus. & Com. Code § 4A-207(b)(2) ("If the beneficiary's bank…knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.") Therefore, Plaintiff's complaint is consistent with the rights, duties, and liabilities of those stated in Article 4A.

But further, even where a cause of action *implicates* the rights and obligations set forth in Article 4A, where the claims are not squarely within the UCC's ambit, and are not

5

inconsistent with Article 4A, those claims are not preempted by the UCC. *See Squeeze Me Once, LLC v. SunTrust Bank*, No. CV 19-787-JWD-RLB, 2020 WL 12968001, at *10 (M.D. La. Aug. 3, 2020). In *Squeeze Me Once*, the plaintiff asserted several claims of negligence on the part of a wire transfer recipient's bank. *Id.* The recipient's bank made the same argument Discover makes now—that the plaintiff's claims were preempted by the UCC. *Id.*, at *3-4. But the court held that "[a]lthough…these actions implicate the rights and obligations set forth in Article 4A, because these claims do not squarely fall within the UCC's ambit and are not inconsistent with the UCC, the Court finds that these negligence claims are not preempted by Article 4A." *Id.*, at *10.

Similarly, Plaintiff's negligence allegations may implicate the rights and obligations set forth in Article 4A, but they are not squarely within the UCC's ambit, nor are they inconsistent with the UCC. Accordingly, Plaintiff's negligence claims are not inconsistent with the UCC. *See Squeeze me Once, LLC*, 2020 WL 12968001, at *10.

### B.  Plaintiff has brought viable negligence claims against Discover Bank.

Finally, Plaintiff has brought viable negligence claims against Discover Bank that should not be dismissed. In Texas, "a negligence cause of action has three elements: (1) a legal duty, (2) breach of that duty, and (3) damages proximately resulting from the breach." *Ramirez v. Colonial Freight Warehouse Co., Inc.*, 434 S.W.3d 244, 249 (Tex. App.—Houston 1st Dist.] 2014, pet. denied); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Discover Bank's Motion deals only with the duty and causation elements. *See generally* ECF Doc. 10.

  *i. Discover Bank owed Plaintiff a duty to prevent Defendant Colon from furthering his fraudulent activity.*

"In determining whether a duty exists, a court must consider factors such as risk, foreseeability, conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.). "The dominant consideration is foreseeability." *Id.*

Here, it is certainly foreseeable that Defendant Colon would continue shuffling the settlement funds from his Discover Bank account once Discover Bank was put on notice by Plaintiff of Defendant Colon's fraudulent activity. Even if the Court were to hold that Discover Bank (i) did not know at the time of the wire transfer that the funds were fraudulently obtained, and (ii) Discover Bank had no way to know any transfers or withdrawals from Defendant Colon's account between the date of the wire transfer and the date Plaintiff notified Discover Bank of Colon's fraudulent activity involved fraudulently-obtained funds, it is certainly foreseeable that once Discover Bank is notified of Defendant Colon's fraud, failure by Discover Bank to act, or to investigate, would lead to further injury to Plaintiff. Therefore, Discover Bank did owe Plaintiff a duty.

In *Owens*, the Court found that the defendant bank did not owe the plaintiffs a duty because there was no way for the bank to anticipate potential danger of fraud, when a third party opened multiple accounts. *See Owens*, 229 S.W.3d at 547. But the situation in this case is different. Once Plaintiff realized the settlement funds were wired to the incorrect beneficiary, based on Defendant Colon's fraudulent misrepresentations, Plaintiff alerted

Discover Bank to this fact. *See* Compl. ¶ 11. Despite Plaintiff notifying Discover Bank of Defendant Colon's fraud, Discover took no action and returned none of the funds. *See id.* at ¶ 12.

The moment Plaintiff alerted Discover Bank of Defendant Colon's fraud is the last moment in time that Discover Bank could possibly argue they could not foresee that failing to act would permit Defendant Colon from further depleting the funds. And Defendant Colon further depleting the funds damages Plaintiff. Because it is entirely foreseeable, at least from the moment Plaintiff notified Defendant Discover Bank of Defendant Colon's fraud, that a failure to act on the part of Discover Bank would result in further depletion of the funds, the Court should deny Defendant's Motion and allow this case to proceed.

  ii. *Discover Bank's failure to act, whether by investigating the fraudulently-obtained funds or freezing Defendant Colon's account, caused damage to Plaintiff.*

Plaintiff has alleged sufficient facts to show that Discover Bank's failure to act, whether by investigating the fraudulently-obtained funds or freezing Defendant Colon's account, caused damage to Plaintiff. Plaintiff alleges that "[d]espite several calls and letters, Defendants refused to return the settlement proceeds they knew had been sent in error." Compl. at ¶ 12. Also in their allegations against Discover Bank, Plaintiff states that Discover Bank was negligent in their failure to freeze the funds in Defendant Colon's bank account and their failure to investigate whether Defendant Colon fraudulently represented himself to be entitled to the settlement proceeds. *See* Compl. at ¶ 14. Plaintiff then alleged that Defendant breached its duties, "and as a direct and proximate result of Defendant's breaches of duty caused Plaintiff to lose $447,502.67." *Id.* at ¶ 16. Plaintiff could hardly

have been more clear that Discover Bank's breach caused Plaintiff to lose the funds Plaintiff wired. Accordingly, Plaintiff has alleged sufficient facts to show that Discover Bank's breach caused Plaintiff harm, and Plaintiff's negligence claims against Discover Bank should not be dismissed.

### 2. If the Court is inclined to grant Discover Bank's motion, Plaintiff asks for leave to amend their complaint to cure any alleged deficiencies.

As noted above, Plaintiff's complaint passes muster under federal pleading rules. But in the event the Court finds that any of Plaintiff's claims are under-pled, Plaintiff asks the Court to grant them leave to amend their complaint to cure any deficiencies found therein. Rule 15(a) of the Federal Rules of Civil Procedure "instructs the court to 'freely give leave when justice so requires.'" *Shelton v. Bonham Indep. Sch. Dist.*, 4:17-CV-00764, 2018 WL 466258, at *1 (E.D. Tex. Jan. 18, 2018);  *see also Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 837-38 (S.D. Tex. 2011) (explaining that because the language of Rule 15 "'evinces a bias in favor of granting leave to amend,' the court must find a 'substantial reason' to deny such a request"). "The rule 'evinces a bias in favor of granting leave to amend.'" *Id.* Thus if necessary, and the Court is inclined to grant Discover Bank's motion as to any of Plaintiff's claims, Plaintiff asks the Court to give them the opportunity to amend their complaint to add any additional facts the Court finds necessary to avoid dismissal of any of their claims.

## VI.

### CONCLUSION

For the reasons outlined above, the Court should deny Discover Bank's motion to dismiss.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Alec J. Paradowski*

_____
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alec J. Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on April 1, 2024. If the party does not participate in electronic filing, a copy of the foregoing will be served via U.S. First Class Mail, postage prepaid to:

Anthony Colon
1316 Greenridge Ave.
Lithonia, GA 300358

                */s/ Alec J. Paradowski*
                Alec J. Paradowski