UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLD & ITKIN LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00789 |
| | § | |
| DISCOVER BANK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are Defendant Discover Bank's ("Discover") Motion to Dismiss (Doc. #4), Plaintiff's Response (Doc. #7), and Discover's Reply (Doc. #10). Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion to Dismiss.

This case arises from a dispute over the misdirection of settlement funds in a personal-injury matter. Plaintiff Arnold & Itkin LLP (the "Plaintiff") is a Texas-based law firm. Doc. #1, Ex. 1 at 49. Plaintiff settled a lawsuit on behalf of an individual named Anthony Colon ("Plaintiff's Client"). *Id.* at 50. On September 12, 2023, Plaintiff mistakenly emailed a different individual, also named Anthony Colon ("Defendant Colon"), regarding the settlement proceeds. *Id.* Plaintiff alleges that Defendant Colon falsely represented himself—both in writing and over the phone—as Plaintiff's Client. *Id.* Relying on these alleged misrepresentations, Plaintiff wired $447,502.67 to Defendant Colon's bank account at Discover. *Id.* Plaintiff discovered the mistake and, on October 18, 2023, contacted Discover, requesting that it freeze the funds and return them. *Id.* at 51. To date, neither Defendant Colon nor Discover has returned the funds. Doc. #7 at 2.

On December 12, 2023, Plaintiff sought and obtained a temporary restraining order in the 125th Judicial District of Harris County, freezing Defendant Colon's bank account. Doc. #1, Ex.

1 at 2–10, 27. Plaintiff filed its Original Petition on February 14, 2024, asserting a negligence claim against Discover and a fraud claim against Defendant Colon. *Id.* at 51–52. On March 4, 2024, Discover removed the action to this Court. Doc. #1. On March 11, 2024, Discover moved to dismiss Plaintiff's negligence claim under Federal Rule of Procedure 12(b)(6). Doc. #4.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Plaintiff alleges that Discover was negligent in failing to freeze or return the funds wired to Defendant Colon. Doc. #1, Ex. 1 at 32. Under Texas law, the elements of a negligence claim are that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; and (3) the defendant's breach proximately caused injury to the plaintiff. *Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2 (5th Cir. Dec. 14, 2022) (citing *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013)).

Discover argues that it owed no duty of care to Plaintiff, because Plaintiff was not its customer. Doc. #4 at 8. The existence of a duty is a question of law. *JPMorgan Chase Bank, N.A. v. Pro. Pharmacy II*, 508 S.W.3d 391, 417 (Tex. App. 2014). As Discover correctly points out, Texas courts have consistently held that banks do not owe duties to non-customers. *See, e.g.*,

2

*Clark v. Wells Fargo Bank, N.A.*, No. 01-08-00887-CV, 2010 WL 2306418, at *7 (Tex. Ct. App. June 10, 2010) (finding "no evidence that Wells Fargo owed any legal duty to Claimants" where "Claimants did not have a contractual relationship with Wells Fargo"); *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. Ct. App. 2007) ("Generally, a bank owes no duty to someone who is not a customer and with whom the bank does not have a relationship."); *Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.—Tyler 2006, no pet.) ("Because he was not a Regions customer and had no other relationship with Regions, as a matter of law Regions owed no duty to Appellant."). Here, Plaintiff does not allege that it was Discover's customer or that Plaintiff otherwise had a relationship with Discover. *See Taya Agric. Feed Mill Co.*, 2022 WL 17716383, at *2 (holding that absent such a relationship, a plaintiff cannot prevail on a negligence claim). Accordingly, as a matter of law, Plaintiff has failed to state a claim for negligence against Discover.

For the foregoing reasons, Discover's Motion to Dismiss is hereby GRANTED. Doc. #4. Plaintiff's negligence claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

Moreover, there is no evidence on the record that Plaintiff has properly served Defendant Anthony Colon. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Accordingly, the Court hereby ORDERS Plaintiff to properly serve Defendant Colon or obtain waiver of service within 30 days of the entry of this Order.

It is so ORDERED.

__MAR 2 4 2025__
Date

The Honorable Alfred H. Bennett
United States District Judge

3